# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GRESHLYN T. JONES | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-165 |
| | * | |
| MICHAEL J. ASTRUE, COMMISSIONER | * | JUDGE FALLON |
| OF SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE SHUSHAN |

## ORDER & REASONS

Pursuant to Section 405(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), Plaintiff Greshlyn T. Jones appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits and a period of disability under Title II of the Act, 42 U.S.C. § 423, and her claim for supplemental security income under Title XVI of the Act, 42 U.S.C. 1382. The Magistrate Judge has recommended that Plaintiff's request for a reversal of the Commissioner's decision be denied. *See* Rec. Doc. No. 27. Plaintiff has objected to that recommendation. *See* Rec. Doc. No. 28.

The Court has reviewed the administrative record, the applicable law, the Magistrate's report and recommendation, and Plaintiff's objections. For the following reasons, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's report and recommendation as its opinion to the extent that it is not inconsistent with the analysis below. The decision of the Commissioner is affirmed, and Plaintiff's appeal is dismissed.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff submitted an application for the aforementioned benefits on June 30, 2004. R. at 120-23. Her application was denied on October 4, 2004. R. at 92-95. On July 10, 2007, an administrative law judge (ALJ) dismissed Plaintiff's request for a hearing after she did not

appear at the hearing. R. at 90-91. Thereafter, the Appeals Council vacated the order of dismissal and remanded the matter. R. at 118-19. A hearing was held before an ALJ on January 10, 2008. R. at 52. The ALJ rendered an unfavorable decision on April 22, 2008, finding that Plaintiff does not have a disability within the meaning of the Act. R. at 17-27. The Appeals Council denied her request for review on January 15, 2009, R. at 7-9, and she filed an appeal in this Court on March 24, 2009, *see* Pl.'s Compl. (Rec. Doc. No. 1).[1]

Plaintiff has presented three issues on appeal. First, Plaintiff argues that the ALJ failed to properly evaluate and make findings regarding her mental impairment at Steps 2 and 3 of the five-step process for determining whether an individual has a disability under the Act. *See generally* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (describing the five-step process). Second, Plaintiff argues that the ALJ's assessment of Plaintiff's residual functional capacity at Step 4 of the process is not supported by substantial evidence. Third, Plaintiff argues that the ALJ also applied the improper legal standard at Step 4. The Magistrate Judge found all three arguments to be without merit.

Plaintiff objects to the Magistrate Judge's rejection of her first and second arguments. With respect to her first argument, Plaintiff contends that the ALJ erred in dismissing the conclusion of Dr. Jerry Whiteman, who provided a consultative examination of Plaintiff. Dr Whiteman concluded that Plaintiff has "a moderate limitation in interacting appropriately with the public, supervisors, and coworkers, and a marked limitation in responding appropriately to

---

[1] The Magistrate's report and recommendation provides a comprehensive review of the procedural history of this case and of the evidence in the record, as well as a full explanation of the overall legal framework regarding the determination of a disability under the Act and the applicable standard of review on appeal.

work pressures in a work setting and to changes in a routine work setting." R. at 24. But the ALJ gave "no weight" to that opinion because it was "completely inconsistent with the record and with [Dr. Whiteman's] own mental status findings." *Id.* Plaintiff argues that the ALJ erred in doing so and that the ALJ should have ordered an additional psychological examination.

With respect to her second argument, Plaintiff asserts that a state agency physician has restricted her from exposure to "hazards, machinery, heights, etc." during the performance of work activity, R. at 219, and that the record indicates that her past relevant work involved the use of "machines," R. at 149-54. Plaintiff thus argues that there was no substantial evidence to support the ALJ's conclusion that she has the residual functional capacity to perform past relevant work.

## II. LAW AND ANALYSIS

### A. The ALJ's Analysis at Step 2 and 3

Plaintiff asserted before the ALJ that she has a non-exertional mental impairment, namely dysthymia, which is a form of depression, and that this has rendered her disabled within the meaning of the Act. R. at 60. In support of this contention, Plaintiff introduced into the record a psychological evaluation by Dr. Whiteman. R. at 23, 54-55. In his decision, the ALJ gave "absolutely no weight" to Dr. Whiteman's conclusion that as a result of the dysthymia, Plaintiff has "a moderate limitation in interacting appropriately with the public, supervisors, and coworkers, and a marked limitation in responding appropriately to work pressures in a work setting and to changes in a routine work setting." R. at 24. The ALJ explained that Dr. Whiteman's conclusion "is completely inconsistent with the record and with his own medical status finding[s]." *Id.*

Plaintiff argues that the ALJ erred in rejecting Dr. Whiteman's conclusion. Her objection is not that the record and Dr. Whiteman's other findings are, in fact, consistent with Dr. Whiteman's ultimate conclusion. Rather, her assertion is that the ALJ is a layman and that he should have deferred to that opinion. This argument is not persuasive. Indeed, Plaintiff in effect asserts that an ALJ cannot consider the fact that a medical opinion is internally inconsistent or that the opinion is inconsistent with the rest of the record in ascertaining whether a claimant has a disability within the meaning of the Act, a determination over which the ALJ has "sole responsibility," *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990).

Under the applicable regulations, an ALJ is required to consider a number of factors in order to determine how much weight is to be given to a medical opinion. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). In particular, an ALJ must take into account whether the opinion is grounded in "relevant evidence," *id.* §§ 404.1527(d)(3), 416.927(d)(3), and consistent with "the record as a whole," *id.* §§ 404.1527(d)(4), 416.927(d)(4). As a result, "less weight, little weight, or even no weight may be given to [a] physician's testimony." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).[2] It is clear, then, that the ALJ in this case was in a position to give no weight to Dr. Whiteman's conclusion. The ALJ was required to take into account whether Dr. Whiteman's opinion was consistent with the record as a whole and internally consistent in order to assess the weight to be given to that opinion. As noted above, Plaintiff has not otherwise

---

[2] The medical opinion of a treating physician can be accorded "controlling weight," and the analysis for determining whether that weight is to be given is different from that noted above. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). But the record discloses, and it is undisputed, that Dr. Whiteman is not Plaintiff's treating physician. *See* R. at 227. Under Social Security Ruling 96-2p, which is binding on the ALJ, *Spellman v. Shalala*, 1 F.3d 357, 361 n.7 (5th Cir. 1993), a medical opinion rendered by a source other than a treating physician "can never be entitled to 'controlling weight,'" SSR 96-2p, 61 Fed. Reg. 34490, 34490 (July 2, 1996).

argued in her objection that Dr. Whiteman's opinion is internally consistent and consistent with the record.

Plaintiff asserts that after having accorded no weight to Dr. Whiteman's conclusion, the ALJ should have ordered another psychological examination of Plaintiff. This contention is also without merit. The burden of proving that a claimant has a disability in the first four steps of the five-step process rests on the claimant herself. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002); *see also* 20 C.F.R. § 404.1514 ("You are responsible for providing [medical] evidence" regarding the alleged disability"); *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989) ("It is well settled that the claimant bears an initial heavy burden of proving his or her disability."). If a claimant fails to provide evidence, the ALJ must "make a decision based on [the] information available." 20 C.F.R. § 404.1516; *accord Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

It is true that an ALJ may order a consultative examination paid for by the Social Security Administration, *see* 20 C.F.R. § 404.1517, in order to develop a full and fair record, *see Haywood*, 888 F.2d at 1472; *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). But the applicable regulations and the governing case law require an ALJ to order a consultative examination only to the extent that such an examination would enable the ALJ to render an informed decision in the claimant's case. *See* 20 C.F.R. § 404.1519a(b); *see also, e.g.*, *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) ("An examination at government expense is not required 'unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision.'") (internal citations omitted). An ALJ is under no obligation to order and re-order examinations in order to ensure there is substantial evidence in favor of the claimant.

5

Here, Plaintiff does not assert, and it cannot be reasonably contended, that the ALJ did not have "sufficient medical and non-medical evidence upon which to base a determination of [disability]." *Sims v. Apfel*, 224 F.3d 380, 381 (5th Cir. 2000). The record indicates that the ALJ held a 45-minute hearing during which Plaintiff and a vocational expert was examined by him and the claimant's representative. R. at 54-85. The ALJ granted leave to Plaintiff to enter into the record all of the medical evidence that she proffered. *See* R. at 54-55. In his decision, the ALJ duly considered the findings that Dr. Whiteman made as part of his consultative examination. R. at 24. The ALJ clearly had sufficient information upon which to render a decision in Plaintiff's case.

Plaintiff cites to Social Security Ruling 96-6p, 1996 WL 374180 (July 2, 1996), and urges that a state agency medical or psychological consultant be given the opportunity to perform an examination. That ruling does require an ALJ to obtain an updated medical opinion, but it does so only in two circumstances: first, when the ALJ receives no medical evidence in addition to the state agency consultant's report and he is of the opinion that "a judgment of equivalence [at Step 3] may be reasonable'"; and second, when the ALJ does receive additional medical evidence and he is of the opinion that the evidence "may change the State agency medical consultant's findings." *Tessitore v. Apfel*, No. 07-2925, 1998 WL 564292, at *2 (E.D. La. 1998). Neither of these scenarios happened here. The ALJ was not of the view either that a judgment of equivalence at Step 3 is reasonable or that the findings of Dr. Whiteman would change the state agency consultant's conclusion. Thus, neither of the conditions that underlie the requirement that an ALJ receive an updated medical opinion was present here.

**B. The ALJ's Analysis at Step 4**

Plaintiff's final objection to the Magistrate's report and recommendation is with respect to the ALJ's analysis at Step 4. At that step, the ALJ had to determine whether Plaintiff's impairments prevent her from performing "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv); *see also id.* § 404.1560(b). Plaintiff notes that the state agency consultant indicated that Plaintiff has to "avoid all exposure" to "hazards (machinery, heights, etc.)." R. at 219. Plaintiff then points to her work history report, in which she checked for each of her previous jobs a box indicating that she "use[d] machines, tools or equipment." R. at 149-54. According to Plaintiff, the ALJ thus erred in concluding that her impairments do not preclude her from performing past relevant work.[3]

This contention is also unpersuasive. In his decision, the ALJ did not state that he was giving no weight to the state agency consultant's opinion that Plaintiff must avoid exposure to machinery at work. Thus, his conclusion that Plaintiff can perform past relevant work reflects his finding that Plaintiff's past employment did not involve the use of "machinery" or other types of "hazards" to which the state agency consultant referred. To be sure, as Plaintiff has noted, she checked the boxes in her work history report, indicating that she uses "machines." But the precise meaning of that statement should be discerned by taking into account the specific job descriptions that Plaintiff also provided.

Plaintiff reports that in her previous jobs as a receptionist, records technician, and claims processor, she answered phones, made filings and photocopies, faxed information, opened mail,

---

[3] Plaintiff also asserts in her objection that the Magistrate's Report and Recommendation does not refer to the vocational expert's testimony on the mental demands of her past relevant work. The transcript of the hearing at which the vocational expert testified does not reveal that the expert provided such testimony. *See* R. at 75-82.

made data entries, and performed other similar tasks. *See* R. at 149-54. She also indicated that she did not do any heavy lifting. *See id.* Thus, while it certainly can be said that Plaintiffs used "machines" in the form of computers, telephones, and fax machines, a "reasonable mind" could find that this is not the sort of hazardous "machinery" to which the state agency referred. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). In other words, in light of the job descriptions provided by Plaintiff, there is substantial evidence that supports the ALJ's conclusion that Plaintiff's impairment does not preclude her from performing past relevant work.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's objections to the Magistrate Judge's report and recommendation are hereby **OVERRULED** and that the report and recommendation is hereby **ADOPTED** as the Court's opinion to the extent that it is not inconsistent with the analysis above. **IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED** and that Plaintiff's appeal is **DISMISSED**.

New Orleans, Louisiana, this 10th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE